# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                               No. CR 10-3093 JB

JAVIER FUENTES,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of Denial of Motion to Set Conditions of Release, filed December 8, 2010 (Doc. 200).  The Court held a hearing on December 27, 2010.  The primary issue is whether the Court should reverse the decision of the Honorable Carmen Garza, United States Magistrate Judge, to detain Defendant Javier Fuentes and instead to grant J. Fuentes conditions of release.  Because of the strength of Plaintiff United States of America's case against J. Fuentes, because of the seriousness of the charges against him, because of the nature of the charges, and because of his failures to comply with court orders in the past, the Court finds that the United States has proved that J. Fuentes presents a risk of flight by a preponderance of the evidence and a risk of danger to the community by clear-and-convincing evidence which no conditions or combination of conditions will mitigate to acceptable levels. Accordingly, the Court will deny J. Fuentes' appeal, affirm Judge Garza's detention order, and continue to detain J. Fuentes pending trial.

## FACTUAL BACKGROUND

J. Fuentes was born in 1985 and is now twenty-six years old.  J. Fuentes reported that he was

born in El Paso, Texas.  J. Fuentes has a stable residential and work history, having lived at the same address all of his life and having held the same job for one-and-a-half years.  He currently works at Primos Construction in El Paso, Texas, and earns $1,200.00 a month.  J. Fuentes reported that he resides at 9009 Electra in Canutillo, Texas.  He also indicated that he has lived at the same address for his entire life, and disclosed that he lives with his parents and his only brother, age twenty-one. He noted that his parents own the mobile home lot free and clear.  He revealed the other occupants of the residence include his wife and their two children -- a four-year old and an eighteen -month old.  J. Fuentes reported that he has had a common-law marriage with his wife since 2008.

J. Fuentes has some criminal history.  On November 17, 2010, Pretrial Services of the United States Probation Office prepared a Pretrial Services Report.  See Pretrial Services Report at 1 (dated November 17, 2010). The Pretrial Services Report indicates that J. Fuentes' criminal history includes five arrests since 2003, only two of which resulted in convictions.  On July 16, 2008, J. Fuentes was convicted for driving while his license was suspended or revoked, for which he received a time served sentence of 6 days confinement, followed by 358 days of probation.  On September 22, 2008, J. Fuentes was convicted of driving while intoxicated, for which he received a sentence of 15 months of confinement; J. Fuentes' probation was revoked on August 19, 2009, and he was sentenced to 30 days of additional confinement.  J. Fuentes also failed to appear for two court settings.  On December 28, 2004, J. Fuentes failed to appear in response to a criminal summons, and on January 31, 2005, he failed to appear for arraignment.

At the December 27, 2010 hearing, the United States and J. Fuentes agreed to proceed by proffer.  The United States proffered that the charges against J. Fuentes and his co-conspirators are

the result of a lengthy investigation which included over four months of court-authorized Title III[1] wiretap interception of six different telephones, and video surveillance of three different residences. J. Fuentes was repeatedly intercepted -- approximately 125 times -- in conversations regarding drug trafficking with co-Defendant Pablo Fuentes on his wiretapped telephone.  J. Fuentes and P. Fuentes were regularly intercepted making arrangements to meet.  Using video surveillance, DEA agents confirmed numerous meetings at P. Fuentes' residence, as well as at the residence of P. Fuentes' girlfriend, co-Defendant Claudia Ramirez.  On one occasion, agents intercepted calls that indicated that P. Fuentes had arranged for J. Fuentes to deliver money to Ramirez at P. Fuentes' residence, and this meeting was subsequently confirmed through video surveillance.  Additionally, on at least two occasions, J. Fuentes called P. Fuentes to arrange to pick up cocaine when P. Fuentes was not available, but instead arranged for J. Fuentes to receive the cocaine from Ramirez at her residence. These meetings were subsequently confirmed using video surveillance.

The United States further proffered that, in another call that DEA agents intercepted, an unidentified man ordered a quantity of cocaine from P. Fuentes.  During the conversation, the man indicated that he knew he could get the cocaine from J. Fuentes, but that he preferred to receive it directly from P. Fuentes.  The man explained that J. Fuentes "cut," or diluted the drug with another substance, too much, and that it was not as high quality as the cocaine that P. Fuentes would provide. Subsequently, during the search of J. Fuentes' residence, where he was living with his mother and father, agents found approximately two ounces of cocaine and a substance commonly used as a cutting agent for cocaine, along with two notebooks that DEA agents believed contain drug ledgers.

---

[1] Title III of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 U.S.C. §§ 2510 through 2522.

J. Fuentes admitted that he sells cocaine in a post-<u>Miranda</u>[2] statement made at the time of his arrest.

## PROCEDURAL BACKGROUND

On November 10, 2010, a federal Grand Jury returned a seven-count Indictment charging twenty-three people, including J. Fuentes, with, among other things, conspiracy to possess with intent to distribute five kilograms or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), and (b)(1)(A), and with possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  <u>See</u> Doc. 2.  J. Fuentes is charged in Count 1 of the Indictment. On November 16, 2010, seventeen arrest warrants and seven search warrants were executed, and J. Fuentes was arrested.

On November 18, 2010, Pretrial Services interviewed J. Fuentes.  No interpreter was needed. J. Fuentes was unable to recall his mother's telephone number, so he provided the number of a neighbor who could instruct his mother to call Pretrial Services.  Pretrial Services attempted to contact J. Fuentes' neighbor; however, there was no answer at the telephone that J. Fuentes gave Pretrial Services.

On November 19, 2010, J. Fuentes' detention hearing was continued to afford Pretrial Services the opportunity to verify his information through his parents.  On November 22, 2010, Pretrial Services established telephone contact with J. Fuentes' mother, and she verified some of the information in the November 17, 2010 report.  Pretrial Services approved J. Fuentes' mother to serve as a third-party custodian for him.

On November 24, 2010, Judge Garza held a detention hearing.  <u>See</u> Criminal Clerk's Minutes at 1, filed November 24, 2010 (Doc. 164).  The United States disagreed with Pretrial

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

Services' recommendation of release.  See Criminal Clerk's Minutes at 1.  The United States argued

that J. Fuentes had not rebutted the presumption of flight risk and of danger to the community.  See

Criminal Clerk's Minutes at 1.  J. Fuentes stated that he is safety-valve eligible and has a stable

residence, and that his parents and girlfriend were in the courtroom.  See Criminal Clerk's Minutes

at 1.

Judge Garza denied J. Fuentes' conditions of release that same day.  Judge Garza based her

ruling on the strength of the United States' case, and detained J. Fuentes as a flight risk and a danger

to the community.  In her written Detention Order Pending Trial, Judge Garza stated that: (i) "[t]here

is a serious risk that the defendant will not appear"; and (ii) "[t]here is a serious risk that the

defendant will endanger the safety of another person or the community."  Detention Order Pending

Trial at 2, filed November 24, 2010 (Doc. 165).  Judge Garza directed:

> The defendant is committed to the custody of the Attorney General or a designated
> representative for confinement in a corrections facility separate, to the extent
> practicable, from persons awaiting or serving sentences or held in custody pending
> appeal.  The defendant must be afforded a reasonable opportunity to consult
> privately with defense counsel.  On order of United States Court or on request of an
> attorney for the Government, the person in charge of the corrections facility must
> deliver the defendant to the United States marshal for a court appearance.

Detention Order Pending Trial at 2.

J. Fuentes, pursuant to 18 U.S.C. § 3145(b), appeals the order denying him conditions of

release.  On December 22, 2010, the United States filed its Response to Defendant's Appeal of

Pretrial Detention.  See Doc. 219.  In the United States' response to J. Fuentes' appeal of denial of

motion to set conditions of release, the United States asks the Court to uphold Judge Garza's

November 24, 2010 pretrial order of detention.

At the December 27, 2010 hearing, J. Fuentes contended that he is safety-valve eligible.  The

United States responded that, because J. Fuentes was sentenced to 15 months of confinement for

driving while intoxicated, and, after J. Fuentes' probation was revoked on August 19, 2009, 30 days of additional confinement was added, J. Fuentes has a criminal history category of II, rendering him safety-valve ineligible.  J. Fuentes asserts that the Pretrial Services Report is inaccurate, and that he received 15 months probation and 30 days incarceration for a subsequent probation violation. Pretrial Services represented that the sentence was not a certified judgment.  Pretrial Services believes that J. Fuentes received a sentence of 180 days followed by 15 months probation, and 30 days incarceration for a subsequent probation violation, which would also render him safety-valve ineligible.

## STANDARD OF REVIEW BY THE DISTRICT COURT

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."  United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release."  United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir.1985)(stating that a district court's review of magistrate judge's order setting bond was de novo).

## STATUTORY PRESUMPTION AGAINST RELEASE

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 through 3156, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e). At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence.  See

18 U.S.C. § 3142(f); United States v. Cisneros, 328 F.3d at 616.  A statutory presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if" a court "finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  18 U.S.C. § 3142(e)(3).  See United States v. Villapudus-Quintoro, No. 08-2308, 2009 WL 141931, at *1 (10th Cir. Jan. 22, 2009)(recognizing that 18 U.S.C. § 3142(e) establishes a rebuttable presumption favoring detention in the case of, among other defendants, certain alleged drug offenders).

> Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community.  Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

Should the defendant satisfy his or her burden of production, the United States must then show by a preponderance of the evidence that the defendant presents a risk of flight or by clear-and-convincing evidence that the defendant presents a danger to the community.  See United States v. Mercedes, 254 F.3d at 436; United States v. Stricklin, 932 F.2d at 1354-55 ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.").  Notably, however, even if the defendant meets his or her burden of production, "the presumption remains a factor for consideration by the district court in determining whether to release or detain."  United States v. Stricklin, 932 F.2d at 1355 (citation omitted).  Accord United

States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).  To determine whether the United States has

met its burden of persuasion, the court must consider: (i) the nature and circumstances of the crime

charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of

the defendant, including family ties, employment, financial resources, community ties, drug or

alcohol abuse history, and past conduct; and (iv) the nature and seriousness of the danger to the

community or to an individual that would be posed by release.  See 18 U.S.C. § 3142(g).  "The rules

concerning the admissibility of evidence in criminal trials do not apply to the presentation and

consideration of information at the [detention] hearing."  18 U.S.C. § 3142(f).

## ANALYSIS

The Court concludes that J. Fuentes is a flight risk and a danger to the community, and

should be detained pending trial.  The statutory presumption is present, because probable cause

supports finding that J. Fuentes conspired to possess with intent to distribute five kilograms or more

of cocaine.  Pursuant to the 18 U.S.C. § 3142(g) factors, the Court finds, based on the quantity of

narcotics involved, the strength of the United States' case, the severity of the sentence J. Fuentes

faces if convicted, J. Fuentes' criminal history, and his ties to Mexico, that a preponderance of the

evidence supports finding that J. Fuentes is a flight risk.  Because of the nature of the crime, the

Court finds clear-and-convincing evidence supports finding that he is a danger to the community.

As such, there are no conditions, nor a combination of conditions, that will adequately ensure the

community's safety and J. Fuentes' presence at trial. See 18 U.S.C. § 3142(g).  Accordingly, the

Court will order J. Fuentes detained pending trial.

## I.   THE STATUTORY PRESUMPTION IS PRESENT.

The Grand Jury found probable cause to believe that J. Fuentes conspired to possess with

intent to distribute five kilograms and more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A), in violation of 21 U.S.C. § 846.  "[T]he Tenth Circuit has explained that '[t]he grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more.'"  United States v. Moreau, No. 07-cr-0388-JB, 2007 WL 2219412, at *4 (D.N.M. May 7, 2007)(Browning, J.)(quoting United States v. Silva, 7 F.3d 1046, 1046 (10th Cir. 1993)).  See United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010)("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which [s]he is charged." (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).  "Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention."  United States v. Stone, 608 F.3d at 945.  See United States v. Cruz, 23 F.3d 395, at *1 (1st Cir. 1994)("The grand jury indictment . . . gave the district court probable cause to believe that appellant had committed a crime of violence . . . .  This, in turn, triggered the rebuttable presumption contained in § 3142(e)." (citing United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(per curiam))); United States v. Silva, 7 F.3d at 1046; United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990)("A grand jury indictment provides the probable cause required by the statute to trigger the presumption." (citing United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985))); United States v. Williams, 903 F.2d 844, at *1 (D.C. Cir. 1990)("Courts of appeals, however, have uniformly held that a judicial officer may rely on a grand jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e)." (citing United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Suppa, 799 F.2d 115, 118-19 (3d Cir. 1986); United States v. Dominguez, 783 F.2d 702, 706 n.7 (7th Cir. 1986); United States v. Hurtado, 779 F.2d 1467, 1477-79 (11th Cir. 1985); United States v. Contreras, 776 F.2d 51 (2d Cir. 1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985); United States v. Mosuro, 648 F. Supp.

316, 318 (D.D.C. 1986))).  Because probable cause exists to believe J. Fuentes violated 21 U.S.C.

§ 841(a)(1), (b)(1)(A) -- which carries a ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A)

-- a presumption arises "that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of the community."    18 U.S.C.

§ 3142(e)(3)(stating this presumption applies to Controlled Substances Act violations "for which

a maximum term of imprisonment of ten years or more is prescribed").

## II.    THE COURT CONCLUDES THAT J. FUENTES IS A FLIGHT RISK AND A DANGER TO THE COMMUNITY.

The Court concludes that J. Fuentes should be detained pending trial.  The United States

argues that J. Fuentes must be detained pending trial, because he is, by a preponderance of the

evidence, a flight-risk, and, by clear-and-convincing evidence, a danger to the community.  The

United States contends that, based on the nature of the crime with which J. Fuentes is charged, no

condition or combination of conditions will adequately deter J. Fuentes' flight and ensure the

community's safety.  J. Fuentes asserts that he has strong ties to the community; specifically, he

asserts that he has a stable residential and work history, having lived at the same address all of his

life and having held the same job for one and a half years.

The Court concludes that J. Fuentes meets his burden of production and rebuts the statutory

presumption favoring detention.  See United States v. Stricklin, 932 F.2d at 1355 ("The defendant's

burden of production is not heavy, but some evidence must be produced.").  While J. Fuentes has

rebutted the presumption, it "remains a factor for consideration by the district court in determining

whether to release or detain."  United States v. Stricklin, 932 F.2d at 1355 (citation omitted).  The

Court further concludes that the United States has shown, by a preponderance of the evidence, that

J. Fuentes presents a risk of flight, and by clear-and-convincing evidence that he is a danger to the

-10-

community.  See United States v. Mercedes, 254 F.3d at 436; United States v. Stricklin, 932 F.2d at 1354-55 ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.").  The Court also concludes that no conditions will adequately deter J. Fuentes' flight.  Because the Court "finds that no condition or combination of conditions will reasonably assure the appearance of [J. Fuentes] as required and the safety of any other person and the community, [the Court] shall order the detention of [J. Fuentes] before trial." 18 U.S.C. § 3142(e)(1).

**A.     J. FUENTES IS A FLIGHT RISK.**

The Court finds, by the preponderance of the evidence, that J. Fuentes is a flight risk.  He faces charges that carry substantial sentences.  The United States presents weighty evidence of J. Fuentes' guilt.  J. Fuentes' criminal history demonstrates his capacity for ignoring court orders. Consequently, the Court concludes that, if the Court were to release J. Fuentes pending trial, it is more likely than not that he would flee.

**1.     The Nature and Circumstances of the Crime Charged Demonstrate J. Fuentes Is a Flight Risk.**

The crime with which J. Fuentes is charged carries substantial penalties.  The Court has previously noted that "[t]he rebuttable presumption in drug-trafficking cases is statutory, and arises out of Congress' concern that individuals involved in drug trafficking often have foreign contacts and the ability to leave the country, and incentives to remain active in the drug trade." United States v. Disher, 650 F. Supp. 2d 1131, 1136 (D.N.M. 2009)(Browning, J.)(citing United States v. Moreno, 30 F.3d 127, at *2 (1st Cir. 1994)).  The Court finds the first factor supports detaining J. Fuentes pending trial.

2.      **The Weight of the United States' Evidence Against J. Fuentes Shows he Is a Flight Risk.**

The weight of the United States' evidence against J. Fuentes favors detaining him before trial. "[T]he weight of the evidence offered in support of [the charge against J. Fuentes] is significant," giving him ample reason to flee if he is released pending trial. United States v. Cisneros, 328 F.3d at 618 (recognizing that the United States "need not offer all of its evidence" at the detention stage of the criminal proceeding). The United States proffered that the charges against J. Fuentes and his co-conspirators are the result of a lengthy investigation which included over four months of court-authorized Title III wiretap interception of six different telephones, and video surveillance of three different residences. J. Fuentes was repeatedly intercepted -- approximately 125 times -- in conversations regarding drug trafficking with P. Fuentes on his wiretapped telephone. J. Fuentes and P. Fuentes were regularly intercepted making arrangements to meet. Using video surveillance, DEA agents confirmed numerous meetings at P. Fuentes' residence, as well as at the residence of P. Fuentes' girlfriend, Ramirez. On one occasion, agents intercepted calls that indicated that P. Fuentes had arranged for J. Fuentes to deliver money to Ramirez at P. Fuentes' residence and this meeting was subsequently confirmed through video surveillance. Additionally, on at least two occasions, J. Fuentes called P. Fuentes to arrange to pick up cocaine when P. Fuentes was not available, but instead arranged for J. Fuentes to receive the cocaine from Ramirez at her residence. These meetings were subsequently confirmed using video surveillance.

The United States further proffered that, in another call DEA agents intercepted, an unidentified man ordered a quantity of cocaine from P. Fuentes. During the conversation, the man indicated that he knew he could get the cocaine from J. Fuentes, but that he preferred to receive it directly from P. Fuentes. The man explained that J. Fuentes cut too much and that the drug was not

as high quality as the cocaine that P. Fuentes would provide.  Subsequently, during the search of J. Fuentes' residence, where he was living with his mother and father, agents found approximately two ounces of cocaine and a substance commonly used as a cutting agent for cocaine, along with two notebooks that DEA agents believed contain drug ledgers.  J. Fuentes admitted that he sells cocaine in a post-<u>Miranda</u> statement made at the time of his arrest.  Because the United States presents considerable evidence of against J. Fuentes, the Court finds this factor also favors detaining J. Fuentes pending trial.

> ### 3.    <u>J. Fuentes' History and Characteristics Show That He Is a Flight Risk</u>.

J. Fuentes' history and characteristics offer further support for finding that he is a flight risk. Some of his characteristics demonstrate ties to the community.  Fuentes asserts that he has held the same job at Primos Construction for a year and a half, that he has lived at the same residence all of his life, and that he lives with his mother, father, his common-law wife and their two children.

DEA agents found cocaine and cutting agents at J. Fuentes' residence, which undercuts whatever force his ties to the community based on his residence may have.  The Court is concerned that the other members of his residence were unable to prevent J. Fuentes from conducting criminal activity in his residence.  J. Fuentes also told Pretrial Services that he has aunts, uncles, and cousins in Mexico, and that he traveled there approximately five years ago.  <u>See</u> <u>United States v. Cisneros</u>, 328 F.3d 610, 618 (10th Cir. 2003)(noting a defendant's "close family in Mexico . . . and that in the past [the defendant] has traveled to Juarez with a sister and other family members" weighed in favor of detention).

Additionally, J. Fuentes has not shown himself to be otherwise law abiding.  Over the course of the past eight years, J. Fuentes has five arrests and two convictions.  J. Fuentes violated his probation in 2009.  J. Fuentes failed to appear for two court settings.  On December 28, 2004, J.

Fuentes failed to appear in response to a criminal summons, and on January 31, 2005, he failed to appear for arraignment.  While J. Fuentes convictions are for minor crimes, he demonstrates a consistent willingness to defy court orders.

In sum, by a preponderance of the evidence, the Court concludes that, given the serious penalties he faces, his criminal record, and the strength of the United States' case, J. Fuentes is a flight risk.  On balance, J. Fuentes' ties to the community appear insufficient to reduce to acceptable levels his risk of flight.  In light of these considerations, J. Fuentes has significant reason to abscond and avoid incarceration.

### B.   J. FUENTES IS A DANGER TO THE COMMUNITY.

Because the United States has presented probable cause supporting J. Fuentes' federal charges, the statutory presumption that J. Fuentes poses a danger to the community is triggered. Even though J. Fuentes has met his burden of production in regard to that presumption, the presumption remains a factor for the Court to consider in making its ultimate determination regarding detention.  See United States v. Stricklin, 932 F.2d at 1355 ("Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.").  J. Fuentes is charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) -- a serious crime which "threatens to cause grave harm to society."  Harmelin v. Michigan, 501 U.S. 957, 1002 (1991)(stating that the "possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare" of the United States). Thus, beyond the presumption, the federal charges provide reason to find J. Fuentes a danger to the community, even though no guns or violence appear to have been used to further the conspiracy. See United States v. Pina-Aboite, 97 F. App'x at 836 (recognizing that 18 U.S.C. § 3142's

-14-

"danger-to-the-community factor is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community" (citing <u>United States v. Cook</u>, 880 F.2d 1158, 1161 (10th Cir. 1989)).  Consequently, the Court finds that, by clear-and-convincing evidence, J. Fuentes presents a danger to the community.

**IT IS ORDERED** that: (i) the Defendant's Appeal of Denial of Motion to Set Conditions of Release, filed December 8, 2010 (Doc. 200), is denied; (ii) the Honorable Carmen E. Garza, United States Magistrate's Detention Order Pending Trial at 2, filed November 24, 2010 (Doc. 165), is affirmed; and (iii) Defendant Javier Fuentes shall be detained pending trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
   United States Attorney
Renee Camacho
Sarah M. Davenport
   Assistant United States Attorneys
Las Cruces, New Mexico

      *Attorneys for the Plaintiff*

Noel Orquiz
Deming, New Mexico

      *Attorney for the Defendant*